## Commonwealth v. Stephens

*William L. Showers*, district attorney, for Commonwealth.
*Clair Groover*, for defendant.

LESHER, P. J., June 28, 1934.—The above-named defendant, Harry Stephens, was arrested and convicted before M. E. Shaughnessy, Esq., one of the justices of the peace in and for the Borough of Lewisburg, Union County, Pa., on a charge of closing a drain-ditch leading onto his field from the highway, which drain-ditch had been opened on the lands of the defendant by the Highway Department of the Commonwealth of Pennsylvania.

The justice of the peace found the defendant guilty and imposed a fine of $20. An appeal was taken to the court of quarter sessions, and the court, by an opinion filed October 6, 1933, dismissed the appeal.

The defendant filed a petition for a reargument, averring that injustice had been done the defendant in the case and that the court had not taken into consideration all the facts in the case. No new facts were called to the attention of the court on the reargument of the case. At the reargument, as in the former case, no testimony was taken before the court, the defendant relying entirely upon the technicality which he relied upon at the former argument, viz., that the defendant had been arrested before Lee Francis Lybarger, Jr., and had given bail for his appearance at court.

This is a summary proceeding, and the court, in its former opinion filed, held that it was the duty, under the law, of the justice of the peace to give the defendant a hearing and dispose of the case by finding him either guilty or not guilty of the charge, as the facts might warrant. The justice of the peace had no right to allow the defendant to waive a hearing and give bail for his appearance at court. The prosecutor, apparently, abandoned this procedure.

The court is without jurisdiction over the former procedure, for the reason that it is not properly in court.

The act of assembly gives the Highway Department authority to open drain-ditches from the highway onto the lands of adjoining property owners, and provides a penalty for closing them. If property owners were allowed, with impunity, to close these ditches, the work of the Highway Department would be for naught.

There is ample provision made by law for the payment of damages to the owners of land for the opening of these ditches on their land, but they cannot take the law into their own hands in the matter.

The court is of the opinion that we were right in our former conclusion, and the appeal must, therefore, be dismissed.

And now, June 28, 1934, the appeal in the above stated case is dismissed, and Harry Stephens is directed to comply with the sentence of the justice of the peace, M. E. Shaughnessy, Esq., of July 3, 1933.

From Miller Alanson Johnson, Lewisburg, Pa.